# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**February 16, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **G.B.-1, G.B.-2, and G.B.-3**

**No. 15-0829** (Roane County 15-JA-14, 15-JA-15, & 15-JA-16)

## MEMORANDUM DECISION

Petitioner Mother A.E., by counsel Ryan M. Ruth, appeals the Circuit Court of Roane County's July 28, 2015, order terminating her parental rights to one-year-old G.B.-1, three-year-old G.B.-2, and five-year-old G.B.-3.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Anita Harold Ashley, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights instead of granting her an improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2015, the DHHR filed an abuse and neglect petition against petitioner alleging that she failed to provide the children with the necessary food, clothing, shelter, supervision, medical care, or education. The DHHR also alleged that petitioner admitted that she was "basically homeless," used illegal drugs, and abandoned the children. Thereafter, the circuit court ordered petitioner to submit to drug screens.

In April of 2015, the circuit court held an adjudicatory hearing. Petitioner stipulated that her substance abuse impaired her ability to properly care for her children. Accordingly, the circuit court found that the children were abused and neglected. Subsequently, the guardian filed

---

[1]Because all of the children in this case have the same initials, we have distinguished each of them using numbers 1, 2, and 3 after their initials in this Memorandum Decision. The circuit court case numbers also serve to distinguish each child.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this Memorandum Decision, we apply the statutes as they existed during the pendency of the proceedings below.

her report that indicated that petitioner had "taken some drug tests, all of which have been positive for substances, and missed multiple screens."

In July of 2015, the circuit court held a dispositional hearing. The DHHR presented evidence of petitioner's drug abuse history and failed drug screens. A Child Protective Services ("CPS") worker testified that petitioner tested positive six times and failed to submit to six drug screens. Further, the CPS worker testified that petitioner was arrested and incarcerated for "disrupting a governmental process" following a hearing in the underlying proceedings and failed to undergo a psychological evaluation. Petitioner testified that she did not abuse and neglect her children. She admitted that she was addicted to prescription drugs and would not pass a drug screen at that time. At the conclusion of the hearing, the circuit court found that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future and the children's welfare required termination. By order entered on July 28, 2015, the circuit court terminated petitioner's parental rights to the children. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner assigns error to the circuit court's termination of her parental rights instead of granting her a post-adjudicatory improvement period.[3] We have explained that West Virginia Code § 49-4-610(2) provides circuit courts with discretion in determining whether to grant or deny a post-adjudicatory improvement period to petitioner in these proceedings. *See Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher*, 174 W.Va. 618, 626 n. 12, 328 S.E.2d 492, 500 n. 12 (1985) ("An elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion." (citations omitted)); *see also In re Tonjia M*, 212 W.Va. 443, 448, 573 S.E.2d 354, 359 (2002) (stating that "[w]e have held that the granting of an improvement period is within the circuit court's discretion."). Accordingly, a circuit court may grant an improvement period to a respondent parent who demonstrates by clear and convincing evidence that she is likely to fully participate in the same.

In the instant case, we find no error in the circuit court's denial of petitioner's motion for an improvement period. It is clear from the record on appeal that petitioner has an extensive history of substance abuse. In this case sub judice, the circuit court was presented with evidence that petitioner tested positive for drugs throughout this proceeding and failed to undergo a psychological examination. Notably, petitioner was arrested and incarcerated for "disrupting a governmental process" following a hearing in the underlying proceeding. As noted above, petitioner admitted that she was addicted to "prescriptions" and could not currently pass a drug screen. Based on the record before us, we find that petitioner failed to satisfy her burden to demonstrate by clear and convincing evidence that she was likely to fully participate in an improvement period. As such, we find no abuse of discretion in the circuit court's denial of an improvement period herein.

Further, we have often explained that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon such findings. Here, the circuit court found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that the children's welfare required termination. Therefore, we find no merit to petitioner's assignment of error on appeal.

For the foregoing reasons, we find no error in the circuit court's July 28, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: February 16, 2016

---

[3]Because the dispositional hearing in this matter took place on July 6, 2015, after the new version of West Virginia Code §§ 49-1-101 through 49-7-304 went into effect, the Court will apply the revised versions of those statutes on appeal.

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II